

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. G. H. Williamson
County Attorney
Erath County
Stephenville, Texas

Dear Mr. Williamson:

Opinion No. O-5961
Re: Fees of Constables in mis-
demeanor cases. Apportion-
ment between former Consta-
ble and successor in office.

We have received your opinion request of recent date,
and quote from same as follows:

"The duly elected Constable of Precinct #1, Erath
County, Texas, filed and tried several liquor cases
in the County Court of Erath County in 1943. In each
case an appeal from the conviction was taken to the
Court of Criminal Appeals. These cases were affirmed
but the cases were not passed upon by the Court of
Criminal Appeal until April, 1944. The Constable
hereinbefore referred to resigned March 1st, 1944.
His successor was appointed the same day, duly quali-
fied, and executed the mandate of the Court of Crimi-
nal Appeals on the defendants in said cases. Now,
what portion of the fees earned is due the original
Constable and what portion is due the successor who
served the writ form the Court of Criminal Appeals.
Especial attention is urged to the five per centum
of the fine which the fee statutes allow the Consta-
ble's Office and which constable gets that part of
the fee."

Article 1065, Vernon's Annotated Code of Criminal
Procedure of the State of Texas, Revision of 1925, provides
in part as follows:

"The following fees shall be allowed the sheriff,
or other peace officer performing the same services
in misdemeanor cases, to be taxed against the defend-
ant on conviction:

". . . ."

Article 951, Vernon's Annotated Code of Criminal Procedure of the State of Texas, Revision of 1925, provides as follows:

"The sheriff or other officer, except a justice of the peace or his clerk, who collects money for the State or county, except jury fees, under any provision of this Code, shall be entitled to retain five per cent thereof when collected." (Emphasis added)

Article 3892, Vernon's Annotated Civil Statutes as amended in 1930 by the 41st Legislature, provides as follows:

"Any officer mentioned in this Chapter who does not collect the maximum amount of his fees for any fiscal year and who reports delinquent fees for that year, shall be entitled to retain, when collected, such part of such delinquent fees as is sufficient to complete the maximum compensation authorized by Articles 3883, 3883-A, and 3886 for the year in which delinquent fees were charged, and also retain the amount of excess fees authorized by law, and the remainder of the delinquent fees for that fiscal year shall be paid as herein provided for when collected; provided, the provisions of this Article shall not apply to any officer after one year from the date he ceases to hold the office to which any delinquent fee is due, and in the event the officer earning the fees that are delinquent has not collected the same within twelve months after he ceases to hold the office, the amount of fees collected shall be paid into the county treasury. Provided, however, that nothing in this Act precludes the payment of ex-officio fees in accordance with Title 61 of the Revised Civil Statutes of Texas, 1925, as part of the maximum compensation. Provided, that any change made in this Article by this Act shall not apply to fees heretofore earned. (As amended Acts 1930, 41st Leg., 4th C. S., p. 30, ch. 20, § 4.)"

Article 3897, Vernon's Annotated Civil Statutes, as amended in 1930 by the 41st Legislature, provides as follows:

"Each district, county and precinct officer,
at the close of each fiscal year (December 31st)
shall make to the district court of the county in
which he resides a sworn statement in triplicate
(on forms designed and approved by the State Audi-
tor) a copy of which statement shall be forwarded
to the State Auditor by the clerk of the district
court of said county within thirty (30) days after
the same has been filed in his office, and one copy
to be filed with the county auditor, if any; other-
wise said copy shall be filed with the Commissioners'
Court. Said report shall show the amount of all
fees, commissions and compensations whatever earned
by said officer during the fiscal year; and secondly,
shall show the amount of fees, commissions and com-
pensations collected by him during the fiscal year;
thirdly, said report shall contain an itemized
statement of all fees, commissions and compensations
earned during the fiscal year which were not collected,
together with the name of the party owing said fees,
commissions and compensations. Said report shall be
filed not later than February 1st following the close
of the fiscal year and for each day after said date
that said report remains not filed, said officer
shall be liable to a penalty of Twenty Five ($25.00)
Dollars, which may be recovered by the county in a
suit brought for such purposes, and in addition said
officer shall be subject to removal from office.
(As amended Acts 1930, 41st Leg. 4th C. S. p. 30,
ch. 29 # 5; Acts 1935, 44th Leg., 2nd C. S., p. 1762,
ch. 465, # 9.)"

Statutes providing fees for public officers are
strictly construed. Under the provisions of Article 3897,
supra, the officer is required to make a sworn report at the
close of each fiscal year and the statute requires, among
other things, that the report shall contain an itemized state-
ment of all fees, commissions and compensations earned during
the fiscal year which were not collected, together with the
name of the party owing said fees, commissions and compensa-
tions. Article 3892, authorizes the officer to retain delin-
quent fees for one year collected in a subsequent year pro-
vided the delinquent fees are reported for the year said fees
were earned.

In this respect, this department held in Opinion No.
O-703 as follows:

". . . .

". . . . It is our view that the requirement
that such fees be included in the officers sworn
report, being mandatory, is a condition precedent
to allowing him to retain such fees as allowed by
article 3892 and failing to do so, such officer
has not met the requirements of said statute. . .
. ."

". . . ." (Emphasis added)

You do not state in your letter whether or not the
constable that performed services in such cases in 1943 and
resigned March 1, 1944, complied with Articles 3892 and 3897,
Vernon's Annotated Civil Statutes, supra. As such constable
is now contending for such fees, we assume that he failed to
collect his maximum of compensation and excess fees allowed
under the law for the fiscal year ending December 31, 1943,
and that he timely complied with the provisions of said Art-
icles 3892 and 3897. If our assumption is incorrect in
either respect, he would not be entitled to such fees. In
no event, under the facts presented, would his successor in
office be entitled to any fees for services performed by the
prior officeholder.

Therefore, we advise you that the fees in said mis-
demeanor cases became earned when they were performed as pro-
vided in said Article 1065, Code of Criminal Procedure, but
that they did not become collectible from the defendant until
he was finally convicted. In view of this, we hold that the
portion of the fees earned by the "original constable", as
evidenced by his execution of process, etc., in said cases,
as provided by said Article 1065, Code of Criminal Procedure,
is due such "original constable"; and that the portion of the
fees in such cases so earned by the "successor" constable is
due such "successor." In regard to the five per cent commis-
sion authorized by said Article 951, Code of Criminal Proced-
ure, supra, we hold that such commission is due the officer
who collected such fees, in this instance it was the "successor"
constable.

We enclose herewith copies of our Opinions No. 0-703 and No. 0-2604, which, together with this opinion, we believe cover every phase of your problem.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Robert L. Lattimore Jr*

Robert L. Lattimore, Jr.
Assistant

RLL/pw

APPROVED APR 27, 1944

*Blackburn*

acting ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN